IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY JAMES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:04-CV-1944-L** |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

This is a social security case. Plaintiff Terry James ("James") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his claim for disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. Before the court is Plaintiff's Motion for Summary Judgment, filed January 26, 2005, and Defendant Commissioner's Motion for Summary Judgment, filed March 2, 2005. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to the United States magistrate judge for review and submission of proposed findings of fact and recommendation for disposition. On March 15, 2007, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed, in which the magistrate judge recommends that the court affirm the Commissioner's decision. James filed Plaintiff's Objections to Magistrate[] Judge's Findings Conclusions and Recommendation ("Objections") on March 22, 2007. After an independent review of the pleadings, file, record, applicable law, and the magistrate judge's Report, the court determines that the magistrate judge's

findings and conclusions are correct, that James's Objections should be overruled, and that summary judgment should be granted in favor of the Commissioner.

The magistrate judge's Report recommending affirmance of the Commissioner's denial of benefits addresses three points of error raised by James in his summary judgment motion. First, the Report concludes that substantial evidence supported the ALJ's determination that James was not credible during a hearing to review his claim for benefits. Report at 12-13. Second, the Report concludes that ALJ did not err in posing a hypothetical question to the vocational expert who testified about James's level of disability during his hearing, because there was no evidence in the record to support James's contention that the question should have included limitations on his concentration, persistence and pace. Report at 14-15. Finally, the Report concludes that the ALJ did not err by taking into account Plaintiff's employment as a home health aid at the time of the hearing, since the ALJ also relied upon other substantial evidence in making his disability determination. Report at 15-16. James objects to these conclusions on three grounds, and the court now addresses each objection.

First, James incorrectly contends that the magistrate judge applied the wrong legal standard in her review. Objections ¶ 1. Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is (1) supported by substantial evidence, and (2) whether the proper legal standard was applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations omitted). The reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [ALJ]." *Id.* This is the same standard cited and applied by the magistrate

judge in her Report. *See* Report at 9-10. The magistrate judge also cited and applied the correct legal standard for determining a "disability" under the applicable statute. *See* Report at 10-11 (citing 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991)). Accordingly, James's Objection on this point is overruled, and his summary judgment motion on the ground that the ALJ lacked substantial evidence is denied.

Second, James argues that his employment as a home health aid in 2003, at the time of his hearing, should not have affected his claim for disability benefits from 2001 to 2003. Objections ¶ 2. James contends in his summary judgment motion that the ALJ, by taking his 2003 employment into account, erred in applying the fifth step of a five-step inquiry into his disability. Pl. Mot. at 3. Specifically, under the applicable legal standards, if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. *See Greenspan*, 38 F.3d at 236; 20 C.F.R. § 404.1520(b)-(f). In this case, the evidence shows that the ALJ specifically asked the vocational expert to take these factors into account in the hypothetical question posed, and the expert opined that James was capable of performing work. Transcript at 370-72. As the magistrate judge correctly points out, "[a]lthough the ALJ noted the fact that Plaintiff was working part-time at the time of the hearing, that fact was not dispositive of Plaintiff's disability claim." Report at 15. Because the ALJ relied upon medical evidence and the opinions of consultative examiners to reach his decision on James's disability, there was substantial evidence in the record supporting the decision. As noted above, a reviewing court may not re-weigh the evidence, try the issues *de novo* or substitute its judgment for that of the ALJ's, so long as the proper legal standard was applied, and was supported by substantial evidence. *See Greenspan,* 83 F.3d at

236. Accordingly, James's objection on this point is overruled; and his summary judgment motion is denied on this ground.

Finally, James contends that the record supports his allegation that he had limitations and deficiencies in concentration, persistence and pace that were not presented by the ALJ to the vocational expert in the hypothetical question designed to gauge his level of disability. Objections ¶ 3. James does not support this argument with any evidence in the record, nor has the court discovered any after reviewing the record, which consists of nearly 400 pages of documents. James contends that the court has a duty to scrutinize the record to determine whether such evidence is present. Objections ¶ 3(b). This is incorrect. The Commissioner has moved for summary judgment, as well as James. In responding to the Commissioner's motion, it is incumbent upon James to show there is evidence to establish a genuine issue of material fact. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

In this case, the court has determined that substantial evidence exists to support the ALJ's decision regarding James's social security benefits. Moreover, with respect to the hypothetical question posed by the ALJ to the vocational expert, there is nothing in the record to establish

James's alleged deficiencies in concentration, persistence and pace; therefore, the ALJ did not err when he did not include these alleged additional limitations in his question. Accordingly, James's objection on this point is overruled. As sufficient evidence exists to support the ALJ's decision, and no genuine issue of material fact exists regarding his determination on disability, James's summary judgment motion on this ground is denied.

The magistrate judge's findings and conclusions are hereby **accepted** as those of the court. Plaintiff's Objections to Magistrate[] Judge's Findings Conclusions and Recommendation are **overruled**. Defendant Commissioner's Motion for Summary Judgment is **granted**. As the court has granted Defendant Commissioner's Motion for Summary Judgment, granting Plaintiff's Motion for Summary Judgment would be inconsistent with the ruling in favor of the Commissioner. Accordingly, Plaintiff's Motion for Summary Judgment is **denied**. The final decision of the Commissioner of Social Security is **affirmed**. This action is hereby **dismissed with prejudice**.

**It is so ordered** this 28th day of June, 2007.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge